IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

GENBAO GAO,                          )          CV. NO. 09-00152 DAE-LEK
                                     )
          Plaintiff,                 )
                                     )
     vs.                             )
                                     )
STATE OF HAWAII                      )
DEPARTMENT OF THE                    )
ATTORNEY GENERAL; PAUL               )
PERRONE; LARI KOGA,                  )
                                     )
          Defendants.                )
_____     )


ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS
WITH AND WITHOUT PREJUDICE; AND (2) DISMISSING STATE LAW
CLAIMS WITHOUT PREJUDICE

          On August 31,2009, the Court heard Defendants' Motion.  Andre S.

Wooten, Esq., appeared at the hearing on behalf of Plaintiff; Maria C. Cook,

Deputy Attorney General,  appeared at the hearing on behalf of Defendants.  After

reviewing the motion and the supporting and opposing memoranda, the Court

**GRANTS** Defendants' Motion To Dismiss with and without prejudice and

**DISMISSES** the remaining state law claims without prejudice.  With respect to

Count I, Plaintiff's claim against the Department of the Attorney General arising

out of the February 3, 2009 EEOC charge is dismissed without prejudice as

untimely.  Plaintiff has until October 8, 2009 to re-file a civil action as to that claim in this Court.

## BACKGROUND

On April 6, 2009, Plaintiff Genbao Gao filed this employment discrimination lawsuit complaining that, while employed as a statistician with the State of Hawaii Department of the Attorney General, Crime Prevention and Justice Division ("the Department"), he was subject to:  (1) a hostile work environment and discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; (2) racial harassment and retaliation in violation of 42 U.S.C. §§ 1981, 1983, 1985, and 1986; (3) racial harassment and retaliation in violation of Hawaii Revised Statutes chapters 368 & 378; and (4) intentional infliction of emotional distress.  (Doc. # 1.)

Plaintiff brings this suit against the Department, supervisor Lari Koga, and supervisor Paul Perrone (collectively, "Defendants").  Defendant Koga, head of the Crime Prevention and Justice Division, is sued in her individual capacity.  (Doc. # 1 at 2.)  Defendant Perrone, Plaintiff's immediate supervisor, is also sued in his individual capacity.  Perrone was originally sued in his official capacity, but Plaintiff subsequently filed an Amended Complaint on July 30, 2009 to clarify that Perrone is sued in his individual capacity.  (Doc. # 27.)

2

On May 18, 2009, Defendants filed the instant Motion to Dismiss,

pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

(Doc. # 6.)  This Court deems Defendants' motion to apply to Plaintiff's Complaint

and Amended Complaint.  On June 18, 2009, Plaintiff filed his Opposition.  (Doc.

# 17.)  On June 26, 2009, Defendants filed their Reply.  (Doc. # 22.)

STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a

motion to dismiss will be granted where the plaintiff fails to state a claim upon

which relief can be granted.  Review is limited to the contents of the complaint.

See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994).

Allegations of fact in the complaint must be taken as true and construed in the light

most favorable to the plaintiff.  See Livid Holdings Ltd. v. Salomon Smith Barney,

Inc., 416 F.3d 940, 946 (9th Cir. 2005).  A complaint need not include detailed

facts to survive a Rule 12(b)(6) motion to dismiss.  See Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555-56 (2007).

In providing grounds for relief, however, a plaintiff must do more

than recite the formulaic elements of a cause of action.  See id. at 556-57.  A

plaintiff must include enough facts to raise a reasonable expectation that discovery

will reveal evidence.  In other words, a plaintiff must allege enough facts to state a

3

claim for relief that is plausible on its face.  See id. at 570.  "[C]onclusory

allegations without more are insufficient to defeat a motion to dismiss for failure to

state a claim."  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

A motion to dismiss brought pursuant to the Federal Rules of Civil

Procedure 12(b)(1) will be granted where the plaintiff fails to demonstrate subject-

matter jurisdiction over the action.  Under Title VII of the Civil Rights Act of

1964, for the Court to have subject-matter jurisdiction the plaintiff must meet two

requirements:  (1) the plaintiff must timely file his claim with the EEOC; and (2)

the plaintiff must timely institute his action after receipt of a right-to-sue notice.

See 42 U.S.C. § 2000e-5(f)(1).

## DISCUSSION

I.    Factual Basis for Claim

Plaintiff, self-identified as Chinese-American, alleges employment

discrimination against the Department and his supervisors Perrone and Koga.  To

support his assertion, Plaintiff identifies several incidents of alleged discrimination.

First, Plaintiff claims that on one occasion in 2004, Perrone told

another employee that Plaintiff was a "troublemaker" who should be avoided.

(Compl. at 4.)  Second, Plaintiff claims that Perrone required him to fill out 15-

minute interval time sheets to account for his work, which was not required of

other employees.  (Id.)  Third, according to Plaintiff, Perrone "inexplicably refrained" from providing Plaintiff with a back-up flash drive given to other statisticians.  (Id. at 3.)  Fourth, Plaintiff was allegedly suspended for 30 days by Koga for "making a false accusation against his supervisor, Paul Perrone," after Plaintiff inquired into the existence of Perrone's "Lava net dial up" computer access account.  Plaintiff believed that the computer access account was expensive. (Id. at 4.)

Fifth, Plaintiff alleges that a confrontation with Perrone ultimately resulted in his January 20, 2009 termination.  On or about July 3, 2008, Plaintiff and Perrone had a meeting at Perrone's request, where, according to Plaintiff, Perrone denied Plaintiff's request to meet with an administrative assistant present. (Id. at 6.)  When Plaintiff attempted to tape record the meeting, Perrone took the tape recorder away, and Plaintiff called the police.  (Id.)  Plaintiff claims he was placed on administrative leave as a result of this incident, and was subsequently terminated.  (Id. at 7.)

II.     Violation of 42 U.S.C. §§ 1981, 1983, 1985, and 1986 (Counts III to VI)

A.      Claims against Koga and Perrone

Plaintiff fails to properly allege claims under sections 1981, 1983, 1985, and 1986 against Defendants Koga and Perrone in their individual capacities.[1]

1.     Section 1981 Claim

Section 1981 provides, in pertinent part, that "all persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  Section 1981 creates a cause of action only for those discriminated against on account of their race or ethnicity.  See, e.g., Johnson v. Riverside Healthcare Sys., 543 F.3d 1116, 1122-23 (9th Cir. 2008); Jones v. Bechtel, 788 F.2d 571, 574 (9th Cir. 1986).

Plaintiff complains of Koga and Perrone's "illegal practice of racial discrimination and harassment."  (Compl. at 10.)  Plaintiff states that "the treatment

---

[1] Plaintiff amended his claim to sue Perrone in his individual capacity, therefore this Court need not address Defendants' motion regarding Eleventh Amendment Immunity for Perrone in his official capacity.  Because the Court deems the Motion to Dismiss filed by Defendants to apply to the Amended Complaint, arguments made by Defendants in defense of Koga in her individual capacity will be extended to the defense of Perrone.

Because this Court determines that Plaintiff's claims are factually baseless, this Court need not address Defendants' argument regarding qualified immunity.

of Mr. Gao a person of Chinese heritage is sharply contrasted with the more

favorable treatment afforded Mr. Perrone, who is Caucasian." (<u>Id.</u> at 5.)  Plaintiff

also states that Perrone required him to fill out 15-minute interval time sheets "not

required of other employees," and that he was not provided with back-up flash

drives given to other statisticians.  (<u>Id.</u> at 4.)

       Nowhere does Plaintiff present evidence to show that these facts,

assumed true, were motivated by race.  Plaintiff does not present evidence that a

similarly situated individual was treated better than him such that an inference of

race discrimination may be drawn.  The only person whose race was mentioned,

Defendant Perrone, was Plaintiff's supervisor.  Although Plaintiff does say that

other employees were not required to fill out the timesheets at 15-minute intervals

as he was, Plaintiff does not allege the races of those employees.  Plaintiff does not

allege the race of those employees who received flash drives.  Plaintiff does not

present evidence of race discrimination when he was called a "troublemaker."

Even if this Court accepts as true that Plaintiff was suspended for raising the Lava

net issue, nowhere in the record is any explanation given for this suspension other

than Koga had determined Plaintiff had in fact made false accusations.

Furthermore, regarding the July 2008 meeting incident, there is no evidence in the

record that the incident was racially motivated and no evidence that other

employees were treated differently under similar circumstances.

Because the Complaint insufficiently pleads facts supporting the

section 1981 claim, Defendants' motion as to Cause of Action III is GRANTED.

2.    Section 1983 Claim

Section 1983 states that:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State . . . subjects, or causes to be subjected,
> any citizen of the United States . . . to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law, suit in equity, or other
> proper proceedings for redress . . . .

42 U.S.C. § 1983.  This statute does not provide for any substantive rights, but

serves to ensure that an individual has a cause of action for violations of the

Constitution or statutes.  Chapman v. Houston Welfare Rights Org., 441 U.S. 600,

617 (1979); Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff's section 1983 claim fails for several reasons.  First, Plaintiff,

represented by counsel, fails to articulate any identifiable cause for relief under

section 1983.  Although Rule 8(a)(2) of the Federal Rules of Civil Procedure

requires only "a short and plain statement of the claim showing that the pleader is

entitled to relief," a plaintiff is obliged to provide the grounds of his entitlement to

relief in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007) (quoting <u>Conly v. Gibson</u>, 355 U.S. 41, 47 (1957)).  And, "[e]ven  though heightened pleading is not required in discrimination cases, the complaint must still 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  <u>Williams v. Boeing Co.</u>, 517 F.3d 1120, 1130 (9th Cir. 2008) (quoting <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002)).  Here, Plaintiff makes broad accusations of "illegal employment discrimination," "illegal practice of breach of contract and racial discrimination and harassment," violations of Plaintiff's "right to public information concerning public expenditures," and violations of Plaintiff's "constitutional rights to non-discriminatory or retaliatory state employment."  (Compl. at 11.)  Plaintiff does not identify which constitutional or federal statutory rights, if any, these claims relate to.  Plaintiff does not even identify which particular factual incidents provide the basis for his claim.

Second, at least two of Plaintiff's section 1983 claims, "illegal employment discrimination" and "non-discriminatory state employment" are barred because of the comprehensive remedial scheme available under Title VII. Plaintiff asserts the same facts and broad allegations for this section 1983 as for his

Title VII claim.  See Otto v. Heckler, 781 F.2d 754, 757 (finding that female federal employee's constitutional claim was defeated by the fact that the same injuries were cognizable and remediable under Title VII); Arnold v. United States, 816 F.2d 1306, 1311 (9th Cir. 1987); Lakoski v. James, 66 F.3d 751, 755 (5th Cir. 1995) ("Title VII's comprehensive remedial scheme precludes § 1983 suits based upon violations of Title VII rights.").

Accordingly, Defendants' motion as to Cause of Action VI is GRANTED.

### 3.    Section 1985 Claim

Section 1985 proscribes conspiracies to interfere with certain civil rights.  Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). Because Plaintiff does not identify under which subsection of section 1985 he is proceeding, this Court will construe Plaintiff's claim to proceed under the first clause of subsection 1985(3),[2] which grants a right of action to a party injured by "two or more persons in any State or Territory [that] conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the

---

[2] Plaintiff does not allege interference with holding any office, or obstruction of justice in the federal courts.  See 42 U.S.C. § 1985(1)-(2).

equal protection of the laws, or of equal privileges and immunities under the laws."

42 U.S.C. § 1985(3).

In order to state a claim under subsection 1985(3), Plaintiff must first

allege racial or class-based invidious discrimination.  Bretz v. Kelman, 773 F.2d

1026, 1028-30 (9th Cir. 1985).  Plaintiff does allege racial animus, but as discussed

above, Plaintiff does not provide specific facts to support this allegation.

Further, Plaintiff must state specific facts to support the existence of a

claimed conspiracy.  Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir.

2004); see also Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990)

("A mere allegation of conspiracy without factual specificity is insufficient to

support a claim."); Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984) (upholding

dismissal of a section 1985 claim because the plaintiff's complaint was devoid of

the factual allegations necessary to support a conspiracy theory).

Plaintiff presents a single paragraph alleging conspiracy in violation

of section 1985:

> The actions of the Defendants Koga and Perrone jointly and severely
> constitute acts, in violation of the Stat [sic] employment rules and
> regulations which prohibit the perpetration any [sic] conspiracies by
> any state employees to deny Plaintiff Gao his equal opportunity for
> fair employment and promotional opportunity free from
> discrimination in publicly funded state employment, which also

11

> becomes violations of the anti racist conspiracy act 42 U.S.C. 1985
> which the Defendants have violated.

(Compl. at 10.)  Without being provided additional information, this Court is left to

presume that Plaintiff refers to the July 3, 2008 event, when Plaintiff was allegedly

suspended by Koga for 30 days without pay for "making a false accusation against

his supervisor, Paul Perrone."  (Id. at 5.)  According to Plaintiff, sometime in 2007,

Plaintiff inquired into the existence of Perrone's "Lava net dial up computer access

account," because it seemed to Plaintiff to be a waste of money.  Plaintiff reported

his concerns about the existence of the account, and Koga allegedly suspended

him.  (Id. at 4-5.)  Defendants dispute that Koga suspended Plaintiff.  (Mot. at 23.)

But even assuming that Koga did suspend Plaintiff, Defendants correctly point out

that the Complaint does not allege that Koga violated clearly established statutory

or constitutional rights for suspending Plaintiff after he made false accusations

against his employer.

Plaintiff presents absolutely no evidence of a conspiracy between

Koga and Perrone.  The Complaint is devoid of any discussion of an agreement

among Defendants to violate Plaintiff's rights.  See Olsen, 363 F.3d at 930.

Plaintiff provides only conclusory allegations and inferences unsupported by any

facts.  The only facts before this Court are that Plaintiff reported the existence of

Perrone's computer account, which Plaintiff thought was too expensive, and then was suspended by Koga after Koga determined that Plaintiff made a false accusation against his employer.  A mere allegation of conspiracy, without specific factual basis, is insufficient.  Karim-Panahi, 839 F.2d at 626.  Accordingly, Defendants' motion as to Cause of Action IV is GRANTED.

4.   Section 1986 Claim

Plaintiff submits a single sentence in support of his Section 1986 claim, alleging that Koga and Perrone, who were engaged in a conspiracy, also took no steps to prevent the conspiracy.  (Compl. at 11.)  Section 1986 imposes liability on a person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violations.  Karim-Panahi, 839 F.2d at 626.  "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985."  Id.; McCalden v. Cal. Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990).  Because Plaintiff has failed to allege a valid claim under section 1985, Plaintiff's claim under section 1986 must also be dismissed, and Defendants' motion as to Cause of Action V is GRANTED.

B.   Claims Against the Department

The Department has asserted Eleventh Amendment immunity with respect to Plaintiff's section 1981, 1983, 1985, and 1986 claims.  (Mot. at 7.)

Under the Eleventh Amendment to the U.S. Constitution, a state is immune from certain actions brought in federal court by a citizen of that state or by citizens of other states.  See Papasan v. Allain, 478 U.S. 265, 276 (1986).  The Eleventh Amendment also bars actions against state agencies or departments unless a state waives sovereign immunity or Congress exercises its power to override the immunity.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Bd. of Trs. of the Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001).

The State of Hawaii has not waived its immunity to these types of claims.  See Doe v. State of Haw. Dep't of Educ., 351 F. Supp. 2d 998, 1018 (D. Haw. 2004) ("Although the State of Hawaii generally waives . . . sovereign immunity as to torts of its employees in the Hawaii State Tort Liability Act . . . this waiver only applies to claims brought in state courts and does not constitute a waiver of the State's Eleventh Amendment immunity.").  Nor has Congress abrogated Hawaii's Eleventh Amendment immunity with respect to these claims. See Edelman v. Jordan, 415 U.S. 651, 676 (1974) (finding that section 1983 was not intended to create a waiver of a state's Eleventh Amendment immunity); Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 972, 975 (9th Cir. 1994) (holding that the Eleventh Amendment bars section 1983, 1985, and 1986 claims against the states); Sherez v. State of Haw. Dept. of Educ., 396 F. Supp. 2d 1138,

1142-43 (D. Haw. 2005) (finding that section 1981, 1983, 1985, and 1986 do not abrogate the state's immunity).

Accordingly, to the extent that Plaintiff seeks money damages against the Department under sections 1981, 1983, 1985, and 1986, those claims are barred by the Eleventh Amendment.

III.   Violation of Title VII (Count I)

Title VII of the Civil Rights Act of 1964 forbids employment discrimination against any individual based on that individual's "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  A plaintiff alleging disparate treatment under Title VII must first establish a prima facie case of discrimination by offering evidence that "give[s] rise to an inference of unlawful discrimination."  Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981); see EEOC v. Boeing Co., --- F.3d ---, 2009 WL 2501837, at * 4 (9th Cir. Aug. 18, 2009). A plaintiff may establish a prima facie case either by meeting the four-part test laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), or by providing direct evidence suggesting that the employment decision was based on an impermissible criterion.  Cordova v. State Farm Ins. Cos., 124 F.3d 1145, 1148 (9th Cir. 1997).   A prima facie case requires a plaintiff to offer proof that:  (1) he belongs to a protected class; (2) he performed his job adequately

15

or satisfactorily; (3) he suffered an adverse employment action; and (4) other similarly situated employees who do not belong to the same protected class were treated differently.  Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing McDonnell Douglas, 411 U.S. at 802); see Noyes v. Kelly Servs., 488 F.3d 1163, 1168 (9th Cir. 2007).  Transferring job duties, or actions that negatively affect the employee's compensation have also been found to constitute adverse employment actions.  Fonseca v. Sysco Food Servs. of Ariz., Inc., 374 F.3d 840, 847 (9th Cir. 2004); Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987).  Being excluded from meetings, seminars, and positions that would have made the employee eligible for salary increases, and being given a more burdensome work schedule, if proven, were sufficient to establish adverse employment actions.   Strother v. S. Cal. Permanente Med. Group, 79 F.3d 859, 869 (9th Cir. 1996).  In addition, undeserved performance ratings can constitute an adverse employment action.  Yartzoff, 809 F.2d at 1378.  However, a mediocre performance rating that does not give rise to any further negative employment action does not constitute an adverse employment action.  Kortan v. Cal. Youth Auth., 217 F.3d 1104, 1112-13 (9th Cir. 2000).

"Similarly situated" employees are those who have similar jobs and display similar conduct.  See Metoyer v. Chassman, 504 F.3d 919, 950 (9th Cir.

16

2007) (citing <u>Moran v. Selig</u>, 447 F.3d 748, 755 (9th Cir. 2006) and <u>Vasquez v. County of L.A.</u>, 349 F.3d 634, 641(9th Cir. 2004)).  Moreover, "[e]mployees in supervisory positions are generally deemed not to be similarly situated to lower level employees." <u>Vasquez v. County of L.A.</u>, 349 F.3d 634, 641(9th Cir. 2004).

    A.    <u>Claims Against Koga and Perrone</u>

       The Ninth Circuit has consistently held that Title VII liability does not extend to individual employees, even those in supervisory roles.  <u>See</u> <u>Holly D. v. Cal. Inst. of Tech.</u>, 339 F.3d 1158, 1179 (9th Cir. 2003) ("Title VII does not provide a cause of action for damages against supervisors or fellow employees."); <u>Pink v. Modoc Indian Health Project</u>, 157 F.3d 1185, 1189 (9th Cir. 1998) ("[C]ivil liability under Title VII does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee."); <u>Greenlaw v. Garrett</u>, 59 F.3d 994, 1001 (9th Cir. 1995) ("Under Title VII there is no personal liability for employees, including supervisors . . . .").

       In Plaintiff's Opposition, Plaintiff concedes that the individual defendants are not liable under Title VII.  (Opp'n at 10.)  Accordingly, the Title VII charges against Defendants Koga and Perrone are dismissed.

B.   <u>Claims Against the Department</u>[3]

For this Court to have subject matter jurisdiction over an employment discrimination claim brought under Title VII, Plaintiff must have first exhausted his administrative remedies by timely filing a charge with the EEOC and obtaining a right-to-sue letter.  <u>See</u> 42 U.S.C. § 2000e-5(e); <u>Greenlaw v. Garrett</u>, 59 F.3d 994, 997 (9th Cir. 1995) ("To litigate a Title VII claim in federal district court, plaintiff must have exhausted her administrative remedies.").

Here, Plaintiff filed two charges with the EEOC against the Department.  The first charge, filed on or about August 5, 2008 (EEOC No. 486-2008-00409), alleged that Plaintiff was "subjected to harassment and treated differently" by Perrone because Plaintiff is from China.  As examples of this treatment, Plaintiff stated that Perrone "skipped [Plaintiff's] flash drive . . . [would] ask [Plaintiff] to submit leave requests and fill out time sheets but not ask the others to do the same . . . [and] would ask [Plaintiff] to do work for the other employees."  ( Mot. Ex. A at 1.)  Plaintiff also stated that he was suspended for 30 days in retaliation after expressing concern that Perrone came to work late.  (<u>Id.</u> at 2.)  Plaintiff checked only the "national origin" and "retaliation" boxes, and did not

_____

[3] In his Amended Complaint, Plaintiff clarifies that his Title VII claim is brought against the Department as well as Koga and Perrone.  (Am. Compl. at 8.)

check the "race" box.  On January 5, 2009, the EEOC issued Plaintiff a notice of dismissal and right-to-sue letter.  ( Mot. Ex. B.)[4]

The second charge, filed on or about February 3, 2009 (EEOC No. 486-2009-00160), alleged discrimination because of national origin and retaliation for the first EEOC charge.  (Mot. Ex. D at 3.)  The Court also interprets Plaintiff's second EEOC charge to relate to his January 20, 2009 termination, which Plaintiff received notice of on January 12, 2009.  In the EEOC charge, Plaintiff identifies January 12, 2009 as the date on which the discrimination took place.  (Id.)  Plaintiff checked only the "national origin," "disability," and "retaliation" boxes, and did not check the "race" box.  As of April 6, 2009, when this Complaint was filed, Plaintiff had not yet received a right-to-sue letter.  Plaintiff did not receive the notice of dismissal and right-to-sue letter until July 10, 2009.  (Opp'n Supp. Ex. 5.) In that letter, Plaintiff was informed that he had 90 days within which to commence a civil action.  See 42 U.S.C. § 2000e-5(f)(1) (stating that once a charge with the EEOC has been dismissed and notice given to the party, an aggrieved party may bring a civil action against the respondent named in the charge within 90 days).

---

[4] The Hawaii Civil Rights Commission ("HCRC") also issued a notice of dismissal and right to sue on February 9, 2009.  (Mot. Ex. C.)

At the outset, this Court must determine whether Plaintiff has timely filed this Complaint under 42 U.S.C. § 2000e-5.  See Karim-Panahi, 839 F.2d at 626.  Plaintiff received his right-to-sue notice regarding his first EEOC charge on January 5, 2009, and Plaintiff filed his Complaint in this Court on April 6, 2009.  Therefore, Plaintiff's lawsuit regarding his first EEOC charge is timely filed.[5]  Plaintiff's lawsuit regarding his second EEOC charge, however, is not timely filed.  Plaintiff did not receive his right-to-sue notice until July 10, 2009, nearly three months after Plaintiff had already filed this Complaint.  Therefore, Plaintiff has not properly exhausted his administrative remedies regarding his second EEOC charge.[6]  See Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974); Mitchell v. Akal Sec. Inc., 2008 WL 1968345, * 4 (D. Haw., May 6, 2008); Linville v. State

_____

[5] The Court notes that it was 91 days since Plaintiff received his right to sue notice and when Plaintiff filed.  Pursuant to Rule 6 of the Federal Rules of Civil Procedure, because the 90th day was a Sunday, Plaintiff has met the requirement.

[6] Plaintiff's reliance on Sommatino v. United States, 255 F.3d 704 (9th Cir. 2001), in support of his argument that a right-to-sue letter is not required, is unavailing.  The investigation into the first EEOC charge was closed on January 5, 2009.  Plaintiff's second EEOC charge was filed on January 12, 2009, after the first investigation had already closed.  The scope of the EEOC's first investigation did not encompass events specifically relating to the basis for Plaintiff's second charge, including the January 20, 2009 termination.  The EEOC's right-to-sue letter for the first charge, therefore, cannot be used to satisfy the requirements for the second charge.  See id. at 709 ("In cases where a plaintiff has never presented a discrimination complaint to the appropriate authority, we have held that the district court does not have subject matter jurisdiction.").

of Hawaii, 874 F. Supp. 1095, 1104 (D. Haw. 1994) (requiring a right-to-sue letter prior to asserting claims under HRS section 378-1).

Accordingly, this Court will address only Plaintiff's first EEOC charge filed on August 5, 2008.  Defendants ask that this Court dismiss Plaintiff's claim based on the fact that Plaintiff's EEOC charge alleged national origin discrimination, and not race discrimination.  (Mot. at 14-15.)  In general, when determining the scope of a Title VII claim, incidents not included in an EEOC charge may not be raised before a federal court "unless the new claims are 'like or reasonably related to the allegations contained in the EEOC charge."  Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir. 1990) (citations omitted); see also Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002); Vasquez v. County of L.A., 349 F.3d 634, 644 (9th Cir. 2003).

For the purpose of determining whether an employee has met the administrative exhaustion requirement prior to filing a lawsuit, a court should liberally construe employment discrimination charges filed before the EEOC.  See Josephs v. Pac. Bell, 443 F.3d 1050, 1061 (9th Cir. 2006).  Nevertheless, an investigation of race must be expected to grow out of a national origin charge for this Court to exercise subject matter jurisdiction over the Title VII claim.  Vasquez, 349 F.3d at 644.

The Ninth Circuit has held that a race discrimination claim does not necessarily grow out of a national origin claim.  In <u>Shah v. Mt. Zion Hosp. & Med. Ctr.</u>, 642 F.2d 268 (9th Cir. 1981), the plaintiff filed an EEOC complaint alleging sex and national origin discrimination and then attempted to expand his Title VII action to include race, color, and religious discrimination.  <u>Id.</u> at 271-72.   The Ninth Circuit determined that the three theories were not investigated by the EEOC and upheld the trial court's dismissal of those claims.  <u>Id.</u> at 272.

The focus should be "on the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving."  <u>Freeman v. Oakland Unified Sch. Dist.</u>, 291 F.3d 632, 637 (9th Cir. 2002).  Plaintiff does not submit factual allegations within the EEOC charge itself that would reasonably alert the EEOC to investigate racial discrimination. Plaintiff's EEOC charge lists only national origin and retaliation as the basis of discrimination.  Plaintiff checked the "national origin" box and not the "race" box. Furthermore, Plaintiff made no reference to race in his statement to the EEOC.  In fact, Plaintiff explicitly limited his EEOC claim to national origin, stating that he was "treated differently by [his] immediate supervisor . . . because [Plaintiff was] from China," and had been discriminated against because of his "national origin (Chinese)."  (Mot. Ex. A at 1-2.)

In contrast, Plaintiff's Complaint alleges "a pattern and practice of racial discrimination and retaliation against this Chinese-American employee." (Compl. at 1.)   This charge relates to Plaintiff's race, not his country of origin. The single piece of evidence Plaintiff presents on this issue is this statement:   "The treatment of Mr. Gao a person of Chinese heritage is sharply contrasted with the more favorable treatment afforded Mr. Perrone, who is Caucasian."   (Id. at 5.) Plaintiff here refers to Perrone's race (Caucasian) and his own race (Chinese heritage), as opposed to either individual's national origin.   Nowhere does Plaintiff allude to discrimination based on national origin.   Accordingly this Court determines that Plaintiff has not exhausted his administrative remedies for racial discrimination.

Plaintiff has already amended his Complaint once, and this Court determines that any amendment of Plaintiff's Title VII violation premised on national origin discrimination would not overcome the defective allegation.   This amendment would not save Plaintiff's suit because his complaint fails for lack of factual evidence.

Plaintiff's Title VII cause of action states:

The actions of the Defendants stated above created a "hostile work environment" for Plaintiff and violated Plaintiff's right to non-discrimination in the terms and conditions of the Plaintiff state

> employment and his right to contractual and due process EEO fairness
> in violation of his constitutional rights to non-discrimination in public
> and Federally funded employment programs and to Due Process and
> Equal Protection of the Law in the right to make contracts under the
> United States Constitution.

(Id. at 9-10.)  As discussed above, Plaintiff does not sufficiently allege facts

showing that any adverse conduct on the part of the Department was based on race

or national origin.  He does not indicate the race or national origin of any similarly-

situated employees, or present any facts that would allow an inference of disparate

treatment based on race or national origin, and therefore cannot establish a prima

facie case.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Plaintiff's language in the Title VII cause of action is convoluted and does not

provide any additional evidence.  Without more, Plaintiff's conclusory allegations

will not survive a motion to dismiss.  Further, the Court notes that Plaintiff is not

proceeding pro se, but has legal counsel.

        Accordingly, Defendants' motion as to Cause of Action I is

GRANTED.  Plaintiff's Title VII cause of action regarding the first EEOC charge

is dismissed with prejudice.  Plaintiff's Title VII cause of action regarding the

second EEOC charge, dated February 3, 2009, is dismissed without prejudice as

untimely.  Plaintiff has 90 days from the date Plaintiff received the right-to-sue

letter to bring a civil action.  Plaintiff has presented evidence that Plaintiff received

a right-to-sue notice on July 10, 2009.  Accordingly, Plaintiff has until October 8,

2009 to re-file a claim in this Court regarding the second EEOC charge against the

Department.

IV.    Remaining State Law Claims

          Plaintiff's remaining state law claims are for violations of Hawaii

Revised Statutes chapters 368 and 378 (Count VII) and intentional infliction of

emotion distress (Count II).

          This Court, in its discretion, may decline to exercise supplemental

jurisdiction over state law claims if it has dismissed the federal claims upon which

jurisdiction was originally established.  See 28 U.S.C. § 1367(c)(3).  Indeed, unless

"considerations of judicial economy, convenience [,] and fairness to litigants"

weigh in favor of the exercise of supplemental jurisdiction, "a federal court should

hesitate to exercise jurisdiction over state claims."  United Mine Workers v. Gibbs,

383 U.S. 715, 726 (1966); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343,

350 (1988) ("[A] federal court should consider and weigh in each case, and at

every stage of the litigation, the values of judicial economy, convenience, fairness,

and comity.").

          The Court finds, in light of the dismissal of Counts I, III, IV, V, and

VI, that considerations of judicial economy, convenience, and fairness to the

litigants weigh in favor of declining jurisdiction over the remaining state law claims.  Such claims may be pursued in state court as allowed by state law.

<u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss with and without prejudice, and DISMISSES the remaining state law claims without prejudice.  With respect to Count I, Plaintiff's claim against the Department of the Attorney General arising out of the February 3, 2009 EEOC charge is dismissed without prejudice as untimely.  Plaintiff has until October 8, 2009 to re-file a civil action as to that claim in this Court.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 2, 2009.



_____
David Alan Ezra
United States District Judge

<u>Gao v. State of Hawaii Dep't of Attorney General et al.</u>, CV No. 09-00152 DAE-LEK; ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITH AND WITHOUT PREJUDICE; AND (2) DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE